UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CONSTANT GOGA,                                              :

        Plaintiff,                                   :        06 Civ. 5783 (LAK) (GWG)

  -v.-                                                    :        REPORT AND
                                                                       RECOMMENDATION
ZIM AMERICAN INTEGRATED SHIPPING          :
SERVICES COMPANY, et al.,
                                                                      :

        Defendants.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Constant Goga brought this action pro se against Zim American Integrated Shipping Services Company, Inc. ("Zim"), Global Traffic Systems, Inc. ("Global"), and Seaspeed Overseas International Company ("Seaspeed") for damages arising out of the shipment of his 2002 Jeep Grand Cherokee from New Jersey to Romania in 2006. On July 25, 2008, the undersigned issued a Report and Recommendation recommending that the claim against Global be dismissed and that Zim's motion to have its liability limited to $500 be granted. See Report and Recommendation, filed July 25, 2008 (Docket # 46). These recommendations were adopted by an Order filed on September 18, 2008 (Docket # 51).

      Seaspeed's counsel subsequently moved to withdraw, and this motion was granted on October 20, 2008. See Order, filed Oct. 20, 2008 (Docket # 60). The Order granting withdrawal warned Seaspeed that failure to obtain new counsel would result in its being deemed in default. Id. (citing Grace v. Bank Leumi, 443 F.3d 180, 192 (2d Cir. 2006)).[1] Goga was instructed that if he wished to move for a default judgment against Seaspeed, he should do so by November 26, 2008. See Order, filed Nov. 7, 2008 (Docket # 61). When he did not do so by the deadline, the undersigned issued a Report and Recommendation premised on the assumption that Goga did not wish to move for a default judgment against Seaspeed. See Report and Recommendation, filed Dec. 9, 2009 (Docket # 63). Goga then sent a letter stating that he had not known of the deadline. Accordingly, the Court vacated the December 9 Report and Recommendation and gave Goga a second opportunity to move for a default judgment. See Order, filed Dec. 23, 2008 (Docket # 64).

      Plaintiff then moved for a default judgment against Seaspeed and the motion was denied because the deficiencies in the complaint did not permit a finding of liability against Seaspeed.

---

    [1] Copies of Orders sent to the last known address of Seaspeed have all been returned to the Court marked as "moved, left no address, unable to forward."

<u>See</u> Order, filed Mar. 3, 2009 (Docket # 68) (adopting the Report and Recommendation, filed Feb. 10, 2009 (Docket # 67)).

Final judgment should now be entered inasmuch as the Court has adjudicated all claims against all parties.

With respect to Seaspeed, plaintiff has not submitted a complaint showing any liability on the part of Seaspeed and has thus failed to prove any entitlement to damages. <u>See</u> Order, filed Mar. 3, 2009 (Docket # 68) (adopting the Report and Recommendation, filed Feb. 10, 2009 (Docket # 67)). Accordingly, all claims against Seaspeed should be dismissed.

With respect to Global, all claims against Global were previously dismissed with prejudice in accordance with the Order filed Sept. 18, 2008 (Docket # 51).

With respect to Zim, the Court previously granted Zim's motion to dismiss all claims against it to the extent damages were sought in excess of $500. <u>See</u> Order, filed Sept. 18, 2008 (Docket # 51). The Court thereafter issued an order asking Zim to indicate whether it was willing have a judgment entered against it for $500 or whether it wished instead to contest liability. <u>See</u> Order, filed Oct. 2, 2008 (Docket # 59). By letter dated October 31, 2008 (Docket # 62), Zim stated that it was willing to have judgment entered against it in the amount of $500 as long as the judgment preserves Zim's right to contest liability should Goga appeal. The Court sees no reason why a trial should be held to establish liability when Zim is willing to have judgment entered against it for the maximum amount of permissible damages.

Accordingly, a final judgment should be entered as follows: (1) all claims against Seaspeed are dismissed with prejudice; (2) all claims against Global are dismissed with prejudice; (3) judgment is entered against Zim in the amount of $500 in accordance with the Order filed September 18, 2008 (Docket # 51), <u>provided that</u> Zim retains the right to contest its liability in the event that the $500 limitation is vacated on remand following appeal..

## **PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Dated: May 1, 2009
       New York, New York

                                                                      _____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Constant Goga
16 Cunningham Ave.
Floral Park, NY 11001

William E. Lakis
DeOrchis, Wiener & Partners, LLP
61 Broadway, Suite 2600
New York, NY 10006

Kenneth R. Feit
Tell, Cheser & Breitbart
320 Old Country Road
Garden City, NY 11530

Dated: April 30, 2009
      New York, New York

/s/ Gabriel W. Gorenstein
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Constant Goga
16 Cunningham Ave.
Floral Park, NY 11001

William E. Lakis
DeOrchis, Wiener & Partners, LLP
61 Broadway, Suite 2600
New York, NY 10006

Kenneth R. Feit
Tell, Cheser & Breitbart
320 Old Country Road
Garden City, NY 11530